IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARION HEALTHCARE, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>SOUTHERN ILLINOIS HOSPITAL SERVICES AND HARRISBURG MEDICAL CENTER, INC.,<br><br>  Defendants. | Case No. 21-cv-00873-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure filed by Defendants Southern Illinois Hospital Services ("SIH") and Harrisburg Medical Center, Inc. ("Harrisburg") (Doc. 28). A memorandum of law in support of the aforementioned motion was filed contemporaneously (*Id.*) For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss in its entirety.

## BACKGROUND

The full procedural and factual backgrounds of this case are set out in greater detail in the Court's previous orders. This Order is limited to the motion at issue.

On June 28, 2021, Marion Healthcare, LLC ("Marion") initiated this case by filing a Complaint in this Court. The Complaint was dismissed on June 28, 2022 following a previous motion; however, Marion was granted leave to amend.

On July 12, 2022, Marion filed an Amended Complaint that attempted to cure the prior pleading deficiencies (Doc. 26). Marion again alleged that the SIH/Harrisburg acquisition substantially reduced competition in the acute care, general hospital services, and ambulatory surgery services product markets (*Id.*). Marion further alleged that the SIH/Harrisburg acquisition caused harm to Marion in the form of lost referrals and medical staff (*Id.*). Specifically, Marion asserted the following four claims: (1) Violations of Section 7 of the Clayton Act; (2) Violations of Section 2 of the Sherman Act; (3) Violations of Section 3(2) of the Illinois Antitrust Act; and (4) Violations of Section 3(3) of the Illinois Antitrust Act (*Id.*).

On July 26, 2022, SIH and Harrisburg filed the pending Motion to Dismiss arguing that many of the same issues had already been addressed in the prior motion to dismiss, including both the failure to allege plausible antitrust injury as well as proximate causation (Doc. 28). SIH and Harrisburg also contend that Marion again fails to plausibly plead harm to competition (*Id.*). Additionally, SIH and Harrisburg assert that Marion fails to support its conclusory assertions that the SIH/Harrisburg acquisition proximately caused a loss of referrals along with harm to the competition and/or other market participants (*Id.*).

On August 26, 2022, Marion filed its response in opposition to the motion to dismiss, arguing that SIH and Harrisburg have distorted the amended complaint and raised arguments that should not be addressed at this stage (Doc. 32). Marion counters the arguments and contends that it did, in fact, plausibly allege antitrust injury, proximate causation, and injury-in-fact (*Id.*). Marion further contends that it

pled monopoly power in the product market linked to the conduct and that its claim for injunctive relief was not negated by its claim for damages (*Id.*).

On September 9, 2022, SIH and Harrisburg filed their reply in support of their motion to dismiss (Doc. 34). Within the reply, SIH and Harrisburg reiterated their prior arguments and requested dismissal with prejudice as the complaint has already been amended and any further attempts to amend would be futile (*Id.*).

## LEGAL STANDARDS

### I. Rule 12(b)(1)

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Before a court can adjudicate the merits of a case, it must first satisfy itself that it has jurisdiction over the claims and parties that appear before it. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). In order to survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). If the plaintiff cannot demonstrate that he or she has standing to sue, Federal Rule of Civil Procedure 12(b)(1) directs that the matter must be dismissed for lack of subject-matter jurisdiction.

A federal court has subject matter jurisdiction only if the plaintiff has standing. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). The doctrine of standing imposes a non-negotiable limit on the power of a federal court. It is rooted in Article III, which limits a federal court's power to the resolution of "Cases" or "Controversies." U.S. CONST. art. III, § 2. Because the

standing requirement enforces a constitutional restraint on the judicial power, federal courts must "always require[ ] that a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit" before proceeding to the merits of a claim. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

To establish standing, a "plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision." *Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 333 (7th Cir. 2019). In other words, the plaintiff must adequately plead that he or she has suffered: (1) an injury-in-fact that is (2) fairly traceable to the harm committed by the defendant and (3) which the federal judicial system is likely able to redress. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). The injury-in-fact must be "(a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical . . . ." *Lujan*, 504 U.S. at 560 (citations omitted).

In analyzing a 12(b)(1) motion to dismiss, this Court applies the same standard of "plausibility" from the *Twombly* and *Iqbal* cases and their progeny, which requires that any claim to relief be "plausible on its face." *Silha*, 807 F.3d at 174. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**II. Rule 12(b)(6)**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of*

*Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.

## ANALYSIS

This case turns on the injury-in-fact requirement, which the Supreme Court has described as the "[f]irst and foremost" element of standing. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To satisfy this element, Marion must allege that it suffered an injury that is "both concrete *and* particularized." *Spokeo, Inc. v. Robins,* ⸺ U.S. ⸺, 136 S. Ct. 1540, 1548 (2016). And because it seeks injunctive relief, Marion must also demonstrate that it faces a "real and immediate" threat of future injury; "a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (citation omitted).

### I.   CLAYTON ACT § 7 CLAIM

Marion's first claim alleges a Section 7 violation of the Clayton Act (Doc. 26). Specifically, Marion claims that the SIH/Harrisburg merger substantially lessens competition in the provision of healthcare services (*Id.*, ¶48). Section 7 proscribes

mergers whose effect "may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. §18. It is, as we have observed many times, a prophylactic measure, intended "primarily to arrest apprehended consequences of intercorporate relationships before those relationships could work their evil . . . ." *United States v. E. I. du Pont de Nemours & Co.*, 353 U.S. 586, 597 (1957).

Notwithstanding the foregoing, Marion must still satisfy the case-and-controversy requirement of Article III, § 2 of the U.S. Constitution, as well as additional burdens pertaining to its alleged causes of action. To have antitrust standing, "a party must do more than meet the basic 'case or controversy' requirement that would satisfy constitutional standing; instead, the party must show that it satisfies a number of 'prudential considerations aimed at preserving the effective enforcement of the antitrust laws.'" *Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291, 1299 (11th Cir. 2010) (citing *Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438, 1448 (11th Cir. 1991)). First, a plaintiff must plead facts relevant to an "*antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990) (emphasis in original) (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). Antitrust injury requires a showing of not only injury to a plaintiff, but that the injury involved harm to competition. *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 582 F.3d 1216, 1225 (10th Cir. 2009). Second, "[a] private plaintiff seeking monetary relief must show actual, quantifiable damages 'by reason of' the antitrust violation." *In re Nexium (Esomeprazole) Antitrust Litig.*, 842 F.3d at 60

(citing *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 543 (1983)).

This Court previously addressed the issue of antitrust standing when it dismissed the initial complaint after finding that Marion failed to meet its burden (Doc. 25). At that time, the Court noted that Marion's allegations were no more than conclusory and hypothetical (*Id.*). Unfortunately, Marion fails to rectify the pleading deficiencies in the amended complaint. First, Marion fails to provide factual support to show injury to itself. For example, although Marion asserts that "SIH's acquisition of Harrisburg further enhances its ability to attract and retain, on an exclusive basis, surgeons who might otherwise join Marion as providers" (Doc. 26, ¶ 43), there is no supporting evidence that Marion has, in fact, suffered a loss of potential surgeons. Second, Marion fails to show harm to competition. For example, Marion asserts that "[t]he acquisition is presumed at law to substantially reduce competition in the above-mentioned primary and corollary product markets, limiting alternative, competing providers of hospital and ambulatory surgery services, thereby potentially raising costs to patients, reducing choice of institutional providers and physicians, and further, causing antitrust injury to Marion" (Doc. 26 ¶ 36), but that is speculation and presumption – with no concrete data to support the allegation of resulting damages. Third, Marion fails to show that the SIH/Harrisburg acquisition proximately caused its presumed antitrust injury.  Marion fails to offer supporting evidence for its assertions that patients have "now more regularly been referred to SIH-affiliated surgeons who then perform surgery at SIH facilities" (Doc. 26 ¶ 40) and in fact, raises

doubts about whether the acquisition caused Marion's harm as such harm was noticed several years ago.

Marion has again failed to plausibly allege antitrust injury and that the SIH/Harrisburg acquisition proximately caused its antitrust injury.

## II.     SHERMAN ACT § 2 CLAIM

Marion's next claim is brought pursuant to Section 2 of the Sherman Act, which makes it unlawful for any person to "monopolize, or attempt to monopolize or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2. In order to state a claim under Section 2 of the Sherman Act, Marion must allege: (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71, 86 S. Ct. 1698, 1704, 16 L. Ed. 2d 778 (1966).

However, like the Clayton Act § 7 claim above, Marion must first satisfy the standing requirement of Article III, § 2 of the U.S. Constitution, which it cannot do. Additionally, Marion fails to plausibly allege antitrust injury that was caused by the SIH/Harrisburg and also fails to plausibly allege that said acquisition proximately caused its antitrust injury.  Accordingly, the claim brought under Section 2 of the Sherman Act meets a similar fate and must also be dismissed.

### III. ILLINOIS ANTITRUST ACT § CLAIMS

In the amended complaint, Marion also asserts two separate theories of recovery under the Illinois Antritrust Act. 740 ILCS 10/3. The applicable portions of the Act state as follows:

> "§ 3. Every person shall be deemed to have committed a violation of this Act who shall:
>
> (2) By contract, combination or conspiracy with one or more other persons unreasonably restrain trade or commerce; or
> (3) Establish, maintain, use, or attempt to acquire monopoly power over any substantial part of trade or commerce of this State for the purpose of excluding competition or of controlling, fixing, or maintaining prices in such trade or commerce;" 740 ILCS 10/3(2) and (3)."

In order to state a claim under Section 3(2) of the Illinois Antitrust Act, Marion must allege: (1) that a conspiracy existed; and, (2) that the conspiracy unreasonably restrained trade. *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 966 (N.D. Ill. 2007). In order to state claim under Section 3(3) of the Illinois Antitrust Act, Marion must allege: (1) the defendant established, maintained, used, or attempted to acquire monopoly power over any substantial part of trade or commerce and (2) the defendant did so for the purpose of excluding competition or controlling, fixing, or maintaining prices in that trade or market. *Gilbert's Ethan Allen Gallery v. Ethan Allen, Inc.*, 251 Ill. App. 3d 17, 24, 620 N.E.2d 1349, 1353 (1993), aff'd, 162 Ill. 2d 99, 642 N.E.2d 470 (1994).

Although Marion attempts to assert a claim under a different theory, it again fails because Marion still cannot overcome the Article III standing requirement. Furthermore, Marion has not plausibly alleged antitrust injury much less shown that

SIH/Harrisburg proximately caused any perceived injury. For these reasons, dismissal is necessary.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants Southern Illinois Hospital Services and Harrisburg Medical Center, Inc.'s Motion to Dismiss in its entirety. In its response, Marion did not seek leave to amend. Furthermore, granting leave to amend is not required where such action would be futile. *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009). Marion has already had an opportunity to address prior pleading deficiencies and failed to do so. As such, this case is dismissed with prejudice and the Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

**DATED: December 30, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**